IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VARINDER SINGH,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and PHELPS COUNTY CORRECTIONS,<br><br>Respondents. | **4:26CV3371**<br><br>**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner Varinder Singh, who was born in India, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 after regular court business hours on November 6, 2026. Filing 1. His case was assigned to the undersigned on November 9, 2026. Filing 4. In his Petition Singh asserts, "Petitioner's arrest and detention without a hearing on danger and flight risk violates the Fourth Amendment and Due Process Clause of the Fifth Amendment of the Constitution." Filing 1 at 2 (¶ 3). He seeks *inter alia* either his immediate release or in the alternative a hearing before an immigration judge to consider his continued detention. Filing 1 at 2 (¶¶ 4–5). For the reasons stated below, Singh's Petition is denied because it appears from the Petition that he is not entitled to a writ of habeas corpus. 28 U.S.C. § 2243.

## I. INTRODUCTION

Singh provides scant factual allegations to support his Petition, and those facts are "set forth based upon information and belief." Filing 1 at 4 (¶ 15). Those facts are the following:

> 16. Petitioner was born in India on April 11, 1994.
>
> 17. Upon information and belief, Petitioner entered the United States without inspection on or around December 7, 2017 through the California border, at

which time he was apprehended by ICE and later released on bond on or around February 2018.

18. Petitioner was placed in removal proceedings after a Notice to Appear ("NTA") was issued to him by Respondent DHS.

19. Petitioner filed his defensive I-589, Application for Asylum and Withholding of Removal ("asylum case") on July 18, 2018.

20. On November 1, 2023, the Immigration Judge ordered the Petitioner to be removed from the United States.

21. On November 21, 2023, the Petitioner filed an appeal of his order of removal with the BIA, which remains pending to date.

22. On October 11, 2026, state troopers stopped Petitioner while he was driving, shortly after he was involved in a driving related accident. Upon information and belief, Petitioner was not shown any documents, warrants and/or notices from the government when he was encountered by ICE agents.

23. Petitioner was thereafter transferred to Phelps County Corrections located at 715 5th Ave, Holdrege, NE 68949, where he remains to date.

Filing 1 at 4–5 (¶¶ 16–23). Although Singh alleges the circumstances of his detention in paragraph 22, he later alleges different circumstances: that "Petitioner was stopped by ICE officers while driving, despite committing no traffic violation and displaying no criminal conduct" and that "ICE prolonged the encounter for immigration questioning, conducted a warrantless civil arrest, and escalated the stop into detention without probable cause," which he alleges made the stop an unconstitutional seizure. Filing 1 at 10–11 (¶¶ 45–46).

## II. LEGAL ANALYSIS

### A. Standards for § 2241 Habeas Relief

As pertinent here, the habeas statute at issue, 28 U.S.C. § 2241, provides in pertinent part that a writ of habeas corpus extends to a person "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). "[A] habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus

'*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court). Indeed, the applicable procedural statute for a writ of habeas corpus pursuant to § 2241 states in part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

Here, the Court concludes that even taken as true Singh's allegations of fact fail to state a claim for habeas relief, so no hearing is required. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))). Therefore, the Court has considered Singh's Petition without requiring a return from Respondents. The Court has instead applied Federal Rule of Civil Procedure 12(b)(6) pleading standards to Singh's § 2241 Petition to determine whether it states a claim upon which habeas relief can be granted. *See* Rules Governing Section 2254 Cases, Rule 1(b) (a court may apply these rules to a habeas corpus petition not made pursuant to 28 U.S.C. § 2254), Rule 12 (the Federal Rules of Civil Procedure may apply if they are not inconsistent with a statute or the Section 2254 Rules).

**B. Singh Is Not Entitled to Relief under § 2241**

The Court will consider each of Singh's claims for habeas relief in turn.

*1. Singh's Unlawful Arrest Claim*

Singh's first claim for relief is captioned, "Unlawful Arrest in Violation of the Fourth Amendment to the U.S. Constitution." Filing 1 at 14 (reduced from all capitals). After incorporating all preceding paragraphs of the Petition, this claim states in its entirety,

> 59. ICE's warrantless arrest of Petitioner outside exigent circumstances violates the Fourth Amendment.
>
> 60. Upon information and belief, ICE produced no judicial warrant and no Form I-200 or I-205 at the time of arrest.
>
> 61. The arrest was unreasonable, arbitrary, and unsupported by probable cause.

Filing 1 at 14 (¶¶ 59–61).

This claim does not state a claim on which habeas relief can be granted. First, this Court has held that an unlawful arrest is not the basis for a cognizable claim for § 2241 habeas relief. *See Santiago Lopez v. Trump*, No. 4:26CV3286, 2026 WL 3151013, at *9–10 (D. Neb. Oct. 21, 2026) (explaining that an allegedly unlawful arrest is not a basis for § 2241 relief which at its core is about release from custody). Even if the Court were to assume an unlawful arrest could be the basis for a § 2241 habeas claim, Singh has not sufficiently pleaded such a claim. Paragraphs 59 and 61 are legal conclusions that the Court need not take as true. *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021) (explaining that a court need not accept a pleader's "legal conclusions drawn from the facts" on a Rule 12(b)(6) motion). The deficiency in paragraph 60 is not that it is pleaded "[u]pon information and belief" but that it is not based on sufficient factual material to make it plausible. *Briscoe v. St. Louis Cnty.*, 172 F.4th 996, 1010 (8th Cir. 2026). The factual allegations of the circumstances in which Singh was detained are conflicting as to who stopped Singh, state troopers or ICE agents, and whether the circumstances presented any suspicion of a traffic violation, such as might arise from involvement in a traffic accident. *Compare* Filing 1 at 5 (¶ 22) *with* Filing 1 at 10 (¶ 45). They also are insufficient for a plausible claim of an

illegal arrest where they are vague about when and how ICE agents became involved in Singh's detention or arrest, while at the same time they show that he posed a risk of flight justifying a warrantless arrest where he was in or in proximity to his vehicle. *United States v. Quintana*, 623 F.3d 1237, 1241 (8th Cir. 2010); *see also id.* at 1242 (explaining that the "constitutional[ ] valid[ity]" of detention pending deportation means that the usual limits on *Terry* stops "do[ ] not apply to ... administrative arrest[s] based upon probable cause that an alien is deportable").

This claim fails to state a claim upon which habeas relief can be granted.

*2. The Unlawful Detention Claim*

Next, Singh asserts a claim captioned, "Unlawful Detention in Violation of the Fifth Amendment to the U.S. Constitution." Filing 1 at 15 (reduced from all capitals). After again incorporating all preceding paragraphs of the Petition, this claim states in its entirety,

> 63. Petitioner's detention is constitutionally defective because: a) he has an appeal pending before the BIA; b) he presents no danger or flight risk; c) ICE has not provided any individualized custody determination; and d) the detention is punitive, indefinite, and excessive.
>
> 64. The government must provide a meaningful custody review, which the government has not done so.

Filing 1 at 15 (¶¶ 63–64).

These paragraphs are threadbare and conclusory statements, lacking sufficient factual allegations elsewhere in the Petition to make them plausible. *See Dalen v. Harpstead*, 123 F.4th 900, 903–04 (8th Cir. 2024) (explaining that although courts must accept a complaint's allegations as true, courts "do not accept 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements,'" or legal conclusions unsupported by factual allegations (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). No bond hearing is required for detention of an alien pending removal pursuant to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Singh's detention pending removal does not require application of a balancing test such as the one set out in *Mathews*

*v. Eldridge*, 424 U.S. 319 (1976), because "[t]he rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Singh's detention is proper pending removal notwithstanding his pending appeal to the Board of Immigration Appeals (BIA) where he was not granted asylum but denied asylum and ordered removed. Singh is not yet an alien with a final order of removal but one whose removal remains pending so that the limits on detention in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), do not apply. As the Eighth Circuit explained in *Banyee*, Singh is not facing "indefinite" detention or even detention without a "reasonably foreseeable" end because his detention pending removal will definitely end, either with removal or release on asylum. *See Banyee*, 115 F.4th at 932. There is no reason to believe at this time that Singh's removal—if ultimately ordered—will not be accomplished within the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

This claim fails to state a claim upon which habeas relief can be granted.

3. *The Unlawful Transfer Claim*

Singh's last claim for habeas relief is captioned, "Unlawful Transfer in Violation of the Fifth Amendment to the United States Constitution." Filing 1 at 15 (reduced from all capitals. After again incorporating all preceding paragraphs of the Petition, this claim states in its entirety,

> 66. Petitioner being transferred to Phelps County Corrections is constitutionally defective as Petitioner is being denied to a full and fair opportunity to meaningfully pursue his appeal pending before the BIA when the DHS denies his access to his counsel by detaining him far from his attorney.

Filing 1 at 15 (¶ 66).

This claim lacks any plausible factual allegations to support it. The Petition does not state where Singh was before he was transferred, let alone any factual basis for inferring that he is now "three hundred sixty miles away from his attorney," which "imposes significant barriers to communication and case preparation." Filing 1 at 13 (¶ 53). The Court takes judicial notice of the

fact that anywhere in Nebraska is more than 360 miles from Brooklyn, New York, where the attorney who filed Singh's Petition has his office. Singh has pleaded no facts identifying or plausibly suggesting any actual impediment to communication and case preparation. This claim is merely speculative. *See Twombly*, 550 U.S. at 555–56 (stating that to state a claim factual allegations must be enough to raise a claim above the speculative level).

This claim fails to state a claim upon which habeas relief can be granted.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Petitioner Varinder Singh's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Filing 1, is denied because it appears from the Petition alone that Singh is not entitled habeas relief.

The Clerk of Court shall close the case.

Dated this 9th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge